STATE v. BLACK.

1. **Criminal Law:** MISCONDUCT OF STATE'S ATTORNEY. It is provided by section 3636 of the Code that the attorney for the State shall not refer to the fact that the defendant did not testify on his own behalf. In this case there was a contention as to the exact language used by the attorney, and as the District Court may be presumed to have heard what was said, it will also be presumed that that court was justified in overruling defendant's motion for a new trial based on the alleged misconduct of the attorney in that regard.

*Appeal from Greene District Court.*

FRIDAY, SEPTEMBER 22.

THE defendant was convicted of the crime of seduction. Judgment having been rendered upon the verdict, he appeals to this court.

No appearance for appellant.

*Smith McPherson, Attorney-general,* for the State.

ADAMS, J.—The defendant moved for a new trial on the ground of misconduct on the part of I. J. McDuffie, who acted upon the trial as attorney for the State. The alleged misconduct consisted of a certain statement made by the attorney for the State in the course of his argument to the jury. The words alleged to have been uttered are as follows: "They have not attempted to deny, except by plea of not guilty, the fact of having sexual intercourse with the young girl." The defendant was not examined as a witness in his own behalf.

Section 3636 of the Code, provides that the attorneys for the State shall not refer to the fact that the defendant did not testify in his own behalf. If the words used were those above set out, and which the defendant and his counsel show by their affidavits were used, it is difficult to resist the conviction that the attorney for the State did refer to the fact that the defendant did not testify in his own behalf, and if

the court was satisfied that he did make such reference, we think that the court should have set aside the verdict.

But the attorney for the State made an affidavit in which he said: "I did not in any form or manner refer to the fact that the defendant had not testified in his own behalf, or that he might have testified." Now, while the question is not as to what the attorney had in mind, but what he said, and while it would have been more satisfactory if he had made a direct denial of using the words attributed to him, yet it is possible that he intended to make such denial, and in view of the fact that the court may be presumed to have heard what was said, we think that we should be justified in construing the attorney's affidavit as containing such denial. We cannot say that the court erred in overruling the motion. We have to say, also, that we have examined the entire record and find no error.

AFFIRMED.